## HARVEY S. MUNSON vs. THE DETAMBLE MOTORS COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Unless the conclusions of fact reached by the trial court upon the evidence appear to be unreasonable, the finding as made will not be corrected upon appeal.

A bank which, in the usual course of business, discounts a draft with a bill of lading attached, is not answerable to the drawee for the performance of the consignor's undertaking; but the rule is otherwise if the bank, as in the present case, purchases outright the draft and the property referred to in the accompanying bill of lading. Under such circumstances the bank becomes the assignee of the contract and takes the draft and the property represented thereby subject to all the equities the drawee and consignee would have had against the original consignor had there been no assignment.

In the present case the plaintiff, a resident of New Haven, ordered an automobile of a certain style and equipment of a manufacturer in Indiana, and agreed to accept a draft therefor accompanying the bill of lading. The manufacturer drew a sight draft upon the plaintiff and then sold this draft and the automobile to a bank in the manufacturer's town and that bank thereupon shipped the car to New Haven to its own order and forwarded the draft with the bill of lading attached to a New Haven bank. Upon notice from that bank the plaintiff paid the draft and received the bill of lading, after which he discovered that the automobile did not conform to the contract. *Held* that he was entitled to recover back the money paid to the Indiana bank, notwithstanding he might also have a cause of action against the manufacturer for a breach of the contract.

An assignee who is prevented by the terms of a bill of lading from inspecting the article ordered by him until after he has paid the draft accompanying the bill, may recover the purchase price so paid if the article does not comply with his order.

One who takes an assignment of a contract of sale from the vendor takes it subject to all the equities that the vendee had against the vendor.

A statement of fact made by an officer of a corporation with respect to a matter of corporate business in which he was then actually engaged is admissible in evidence against the corporation.

Argued June 3d—decided July 13th, 1914.

ACTION upon the so-called common counts to recover money alleged to have been paid, laid out and expended for the defendants without consideration, to which a special count was afterward added for damages for breach of contract, brought to and tried by the Superior Court in New Haven County, *Gager, J.*, after default of appearance by the DeTamble Motors Company; facts found and judgment rendered for the plaintiff to recover of the defendant bank $1,302, and appeal by that defendant. *No error.*

*Leonard M. Daggett,* for the appellant (defendant, The National Exchange Bank).

*Ralph H. Clark,* with whom was *James H. Webb,* for the appellee (plaintiff).

RORABACK, J. The plaintiff resides in New Haven, Connecticut. The defendants, the DeTamble Motors Company and the National Exchange Bank, are corporations, and each is located in Anderson in the State of Indiana. In April, 1912, the president of the bank was also the vice-president of the DeTamble Motors Company.

The original complaint contained the common counts. On the return-day the plaintiff filed a bill of particulars showing that his claim was for money paid, laid out, and expended for the defendants, and money had and received by the defendants, being $1,141.20 paid by the plaintiff on a certain draft of the DeTamble Motors Company, payable to the order of the defendant the National Exchange Bank, for which the plaintiff received no consideration, and for freight on one automobile from Anderson, Indiana, to New Haven, Connecticut, paid by the plaintiff, $45.60, making a total of $1,186.80.

At the same time that the plaintiff filed his bill of particulars, he also filed and made part of his complaint a special count by way of amendment. This special count contained an allegation that "The DeTamble Motors Company assigned or transferred to the defendant, The National Exchange Bank, of Anderson, Indiana, the said contract of the plaintiff to purchase said Model L automobile equipped and furnished as aforesaid, upon the terms and conditions before set forth, and turned over and delivered to said The National Exchange Bank an automobile to be shipped to the plaintiff in pretended compliance with said contract."

The evidence, which has been made part of the record under the provisions of the General Statutes, § 797, does not warrant this court in correcting that part of the finding in which the trial court states that "In and by the transaction hereinbefore set forth as understood and intended by said bank and said Motors Company, said National Exchange Bank became the purchaser and owner of said automobile and incidentals, as described in said bill of lading, and as hereinafter stated forwarded the same because of and in performance of the undertaking for the order of an automobile given to the Motors Company hereinbefore set forth, and for payment of which said draft was made."

It is conceded that the National Exchange Bank and the Motors Company are both located and doing business in the same town in Indiana. The president of the Bank is also vice-president of the Motors Company. The Motors Company, when this transaction occurred, kept its account with the National Exchange Bank. The Motors Company made its draft on the plaintiff payable to the Bank and delivered it to the Bank, which credited the account of the Motors Company

with the proceeds of the same, and the Motors Company thereafter drew against the deposit by check.

The Bank was the consignor and shipper of the automobile; the plaintiff, supposing it to be such an automobile as he had ordered from the Motors Company, paid to the agent of the Bank the agreed price thereof, and obtained from the bank in New Haven, the defendant's agent, the bill of lading that had been issued to the defendant Bank, showing that it had shipped to its own order a certain automobile.

The bill of lading contained the following: "The surrender of this Original Order Bill of Lading properly indorsed shall be required before the delivery of the property. Inspection of property covered by this bill of lading will not be permitted unless provided by law or unless permission is indorsed on this original bill of lading or given in writing by the shipper." No such permission was given, nor does it appear that the plaintiff saw or knew of this clause in the bill of lading until after he had made payment to the New Haven bank for the defendant.

Upon the trial of the case in the Superior Court the plaintiff offered and introduced in evidence a letter from the defendant to James H. Webb, the attorney for the plaintiff. This letter contained the following: "National Exchange Bank (No. 4685), Anderson, Ind., June 27, 1912. James H. Webb, Alling, Webb & Morehouse, New Haven, Conn. Dear Sir: We beg to acknowledge receipt of your favor of the 24th, which was the first statement of the case of Mr. Munson against the DeTamble Motor Co. of this city we had ever rec'd. We have no means of knowing the understanding Mr. Munson should have with the DeTamble Motor Co. We purchased this property from the DeTamble Motor Co. giving them full amount for same to-wit, $1200.00 and this property would not be subject to attachment

by Mr. Munson as against our rights. But we do not desire to enter into any controversy or encourage the DeTamble Motor Co. here to attempt to evade any agreement they have heretofore made." This letter was signed by George S. Parker, assistant cashier of the National Exchange Bank. Mr. Parker was afterward called as a witness for the defense, and examined by the defendant's counsel concerning the transactions in controversy, but the witness did not deny that the Bank had purchased the car from the DeTamble Motors Company as claimed by the plaintiff.

The record shows that there was evidence from which the trial court could have reasonably reached the conclusions questioned by the motion to correct. Therefore the motion is denied.

The finding as made established, in substance, the following facts: In April, 1912, the plaintiff ordered of the Motors Company, a car, Model L, fully equipped, and authorized a draft through the Yale National Bank, with bill of lading attached. On June 4th, 1912, the Motors Company drew upon the plaintiff a sight draft for $1,200, which was subsequently corrected to $1,140, with exchange. On or prior to that date the Motors Company sold to the National Exchange Bank the car and furnishings, and also the draft on the plaintiff, Munson, payable at sight on surrender of the bill of lading. On June 4th or 5th this car was delivered to the carrier at Anderson, Indiana, and a bill of lading was issued in which the defendant the National Exchange Bank was described as shipper, destination New Haven. The automobile was consigned to the order of the defendant the National Exchange Bank. The New Haven bank received the draft, with the bill of lading attached, and notified the plaintiff, who thereupon paid the draft as corrected and exchange, $1,141.20, received the bill of lading, and also paid the freight charges

$45.60. Upon opening the freight-car he found that the car shipped was not the one ordered, and he refused to receive it. This action is brought to recover of the defendant, as money had and received, the amounts paid by the plaintiff upon the draft and for freight. ·

It is conceded that, as between the plaintiff and the Motors Company, the plaintiff had a right of action for breach of contract against the Motors Company. The question now arises, did the defendant Bank become liable to the plaintiff for the money which he paid to it? It may be observed that this is not the ordinary case where a bank discounts a draft in its favor with a bill of lading attached. In such a case the law is almost universal that "a bank which discounts a draft with bill of lading attached is not, in the absence of bad faith, answerable to the drawee for the performance of the consignor's contract." *Hawkins* v. *Alfalfa Products Co.*, 44 L. R. A. (N. S.) 600 (152 Ky. 152, 153 S. W. 201). In the same case, upon page 603, it is stated that "To impose upon the transferee of a bill of lading, who takes it in good faith, for a valuable consideration, the duty of fulfilling the contract between the seller and the buyer, would impair, if not destroy, the value of bills of lading as instruments of trade and commerce, in the transaction of which they play so useful a part. No bank would feel safe in advancing or lending money on a bill of lading, if the law burdened it with the performance of the contract between the seller and the buyer, that it was not a party to." The law accords such protection to a holder of a bill of exchange taken in the course of business for value; and legislation in some of the States has extended to the same class of persons a similar protection in other contracts. But this concession is made for the security and convenience, if not to the necessities and wants, of commerce, and is not to be extended beyond them. The party who claims the

benefit of the exception to this principle must come within all the conditions on which it depends. If the bill is taken out of the course of trade, the rights of the holder are subjected to the operation of the general rule. *Combs* v. *Hodge*, 62 U. S. (21 How.) 397, 405, 16 L. Ed. 115–117.

The finding shows that the conveyance of the automobile and draft was absolute, and excludes all idea that it was the ordinary transaction of the discount of a draft with bill of lading attached. The fact that the automobile and draft were sold to the defendant Bank before the shipment of the car to Munson, is very material, and one of the controlling features of the present case. At that time it was the duty of the Motors Company to ship and deliver the car which the plaintiff ordered. This the trial court, in effect, has found that the defendant Bank itself undertook to perform.

Undoubtedly it is true, as the parties claim, that there is no case just like the present one, but the rule is well established that when one takes an assignment of an obligation like the one now under consideration he takes it subject to all the equities that the debtor would have had against the assignor; in other words, the assignee must abide the case of the person he takes. *American Thresherman* v. *Citizens Bank* (*DeTamble Motors Co.*), 154 Wis. 366, 141 N. W. 210, 49 L. R. A. (N. S.) 644, and cases cited in note.

Owing to the clause relating to the inspection in the bill of lading, the plaintiff was unable to see the property until after he had paid the New Haven bank for the automobile and the freight charges. After such payment the freight-car was opened, and he then ascertained that the automobile was not of the type and equipment which he had ordered. His ignorance of a material fact misled him, and he made payment to the defendant Bank, which he would not have done if he

Munson *v.* DeTamble Motors Co.

had known that the automobile which the Bank undertook to deliver to him was not the one that he had ordered. The Bank was not the assignee in the ordinary course of business and entitled to the same protection as a bank which had discounted a draft with a bill of lading attached. The facts found fully warranted the judgment by the court below.

Assuming it to be true, as the defendant concedes, that the Motors Company is liable to the plaintiff for the damages which he has sustained by a breach of the contract, yet, under all the circumstances surrounding the transaction, it would not be just and equitable to compel him to pursue a nonresident corporation into another jurisdiction in the effort, more or less experimental and expensive, to collect such a claim. This certainly should not be done when the facts show that the money was paid by the plaintiff to the National Exchange Bank, and that it was received by this defendant under such circumstances that the law will imply an obligation to repay it.

The letter of June 27th, 1912, signed by the cashier of the National Exchange Bank, to James H. Webb, hereinbefore noticed, was properly admitted. It contained a statement of a fact in and about the business in which the cashier was employed, and when he was actually engaged in that business.

There is no error.

In this opinion the other judges concurred.